798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John R. GAINES, As Syndicate Manager of the Vaguely Noble
Syndicate, Plaintiff-Appellee,
v.
Suzanne FARESE, Defendant-Appellant.
 No. 85-5324.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1986.
 
 Before MARTIN and GUY, Circuit Judges, and BROWN, Senior Circuit judge.
 PER CURIAM.
 
 
 1
 Defendant, Suzanne Farese, pro se, appeals an order entered by the District Court for the Eastern District of Kentucky granting judgment for plaintiff. Plaintiff is the syndicate manager of an organization which sell shares in thoroughbred horses. The defendant is a party to a contract in which she agreed to buy two syndicate shares in two stallions from Patricia Adamo. Finding that plaintiff was not liable on the contract or otherwise to defendant Farese, the district court granted declaratory judgment for plaintiff. Defendant Farese appeals. For the reasons stated below, we reverse.
 
 
 2
 The facts in this case are difficult to completely ascertain on the record before the court. The action centers around a Purchase and Sale Agreement entered into on July 30, 1982, between defendant Suzanne Farese, d/b/a Heritage Hill Farm, and Patricia Adamo, d/b/a Windmill Farm. Defendant Farese agreed to purchase one syndicate share in the thoroughbred stallion "Vaguely Noble," and one syndicate share in the thoroughbred stallion "Dust Commander."[1]
 
 
 3
 The payment terms specified a down payment of $25,000, due at the time of execution, with the remainder of the purchase price, $275,000, due within 30 days. The agreement also provided:
 
 
 4
 However, the buyer is entitled to withhold any amount due and owing to the syndicates by Patricia Adamo, and pay that sum directly to the syndicates on behalf of Patricia Adamo, thereby insuring to obtain clear titles to the shares, free of lien or debt of any kind. Seller agrees that buyer may pay the syndicates directly any outstanding debts or costs or maintenance fees, and having done so the balance of funds will be dispersed to the seller.
 
 
 5
 The agreement also provided for the consequences in the event of default: "Upon material breach of this agreement by one party the other party may terminate same."
 
 
 6
 After entering the agreement, Adamo notified plaintiff that she had transfered her stallion shares to Suzane Farese. Farese likewise notified plaintiff that she was now the owner of the shares. Farese also contacted plaintiff in order to determine the amount owing on the shares. On September 21, 1982, Carl K. Gough, an agent of the plaintiff, wrote to Farese regarding the transfer of the shares, confirming their earlier telephone conversation of September 7. In pertinent part, the letter states:
 
 
 7
 I inform you at that time that we could offer no terms on the purchase price and that the full price would have to be paid now. You informed me that you could pay the entire balance due within two or three weeks.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 As you can see by the attached invoice on the DUST COMMANDER share, we have computed interest on the final payment through June 12, 1982. This was the date that the share cleared the syndicate and the funds were due in at that time. If these funds are not paid by September 30, 1982, we will assess additional interest at 18% per annum from June 12, 1982.
 
 
 11
 As I explained to you on the phone, we have received the transfer documents on these share, [sic] but will not consider them to be transferred until the funds are received.
 
 
 12
 On October 15, 1982, Patricia Adamo sent a telegram to Farese indicating that because Farese had failed to pay the balance of the purchase price in accordance with the agreement, "the offer is hereby withdrawn and the shares are hereby retained by the original owner." On October 27, 1982, Carl K. Gough, by letter, notified Farese as follows:
 
 
 13
 We have notified Patricia Adamo that we have not received payment for the VAGUELY NOBLE and DUST COMMANDER shares you were purchasing from her, therefore, we no longer consider you the purchaser of these shares. We also informed her that she is still liable for the payments presently due on the shares. We have since been notified by Mrs. Adamo that she has another party interested in purchasing these shares and we are presently processing them through the syndicate.
 
 
 14
 On November 4, 1982, Farese sent a check to plaintiff in the amount of $50,000, in an apparent attempt to secure her right to purchase the shares. Plaintiff returned the check to Farese two days later.
 
 
 15
 After Adamo cancelled the sale, Farese filed actions against Adamo and plaintiff in Florida state court. This action was voluntarily dismissed. Farese then brought suit in the United States District Court in Florida. The district court ruled that Adamo was an essential party to the action, but that her presence destroyed the court's diversity jurisdiction; the court therefore dismissed the action without prejudice.
 
 
 16
 Subsequently, Gaines brought this action seeking a declaration of rights, naming as defendants Suzanne Farese and Patricia Adamo. Farese counterclaimed for specific performance of the agreement and for monetary damages. A suggestion of bankruptcy was filed on behalf of Patricia Adamo.
 
 
 17
 Plaintiff moved for judgment as a sanction pursuant to Fed.R.Civ.P. 37(b)(2)(C) for defendant's alleged failure to comply with orders of the court regarding discovery. Farese moved for summary judgment on her counterclaim. Plaintiff did not respond to defendant's motion for summary judgment, but he moved to strike defendant's motion.
 
 
 18
 Rather than granting plaintiff's motion for judgment as a sanction, the district court, relying on the documentation in the record and that submitted by Farese in support of her motion for summary judgment, granted declaratory judgment in favor of plaintiff. The court concluded that Farese committed a material breach of the purchase agreement, due to the fact that she failed to pay Adamo the balance of the purchase price within 30 days from July 30, 1992, the time specified by the contract. Upon breach, Adamo had the right to terminate their contract and sell the stallion shares to another buyer. Since plaintiff was not a party to the contract between Farese and Adamo, the district judge determined that plaintiff could not be liable on the contract.
 
 
 19
 I .
 
 
 20
 Farese initially argues that the trial judge erred in granting judgment for plaintiff and reaching the merits where defendant's motion for summary judgment was unopposed. It is, however, axiomatic that failure of the non-moving party to oppose summary judgment does not entitle the moving party to summary judgment. C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 2720 at 23. Thus, defendant's argument that she was entitled to summary judgment when plaintiff failed to file a response is without merit.
 
 II.
 
 21
 Defendant also objects to the trial court's order granting plaintiff relief on the merits without plaintiff having moved for summary judgment. The ovewhelming weight of authority supports the conclusion that if one party moves for summary judgment, and, it is made to appear that there is no genuine dispute respecting a material fact essential to the proof of movant's case, and that the case cannot be proved if a trial should be held, the court may sua sponte grant summary judgment to the non-moving party. Cool Fuel, Inc. v. Connet, 685 F.2d 310 (9th Cir.1982). Wright, Miller & Kane, supra, at 30. Nevertheless, we must agree with the defendant that entry of judgment for plaintiff under these circumstances was inappropriate.
 
 
 22
 The trial court found that the documentation submitted by defendant in support of her motion conclusively established plaintiff's right to relief. We cannot agree. Rather, we find that there are several genuinely disputed questions of material fact rendering summary judgment unavailable.
 
 
 23
 For instance, the contract clearly gave Farese the right to pay Gaines the balance due on the shares once she had paid Adamo an amount equal to Adamo's equity in the shares. Farese has alleged that Adamo was paid that amount. The record indicates that shortly after execution of the contract, Farese and Gaines were earnestly attempting to determine what amount was left and owing to the syndicate. We must question, then, whether Adamo still retained an unfettered right to cancel the agreement once she had been paid the amount to which she was entitled.
 
 
 24
 Moreover, Farese has alleged that Adamo and Gaines colluded to deprive her of her right to consummate the sale of the shares. In support of her claim, Farese has submitted documentation to the effect that one of the horses increased greatly in value shortly after execution of the contract. Farese alleges that it was to the benefit of both Adamo and Gaines that the agreement fall through. Yet, there is nothing in the record to satisfac torily determine whether these allegations are true or false.
 
 
 25
 It is also unclear whether plaintiff is entitled to maintain a declaratory rights action. Although we express no opinion on this question, the fact that the district court found plaintiff to be, in effect, a stranger to the contract, at least raises the question.
 
 
 26
 The record also contains a reference to the bankruptcy action involving Patricia Adamo, indicating that a claim in the amount of $92,249.87, submitted by Farese, was allowed by the trustee. The basis of the claim, however, is not set forth. Again, it is unclear what impact, if any, this determination should have on the instant case.
 
 
 27
 Finally, we note that the record contains references to other evidence which could assist in resolving this matter. most vital, there are references to a syndicate agreement, which would seem to be essential to the resolution of this dispute. Yet, this document, if it exists, appears nowhere in the record.
 
 
 28
 We acknowledge the difficulty presented by this case. Both the parties and the trial court made reference to the "battle of the pleadings" that has been raging below, We also recognize that because Farese is proceeding pro se and, in addition, i § absent from the jurisdiction, a difficult case is made more complicated. In that regard, we emphasize that nothing in this opinion should be interpreted as excusing defendant from compliance with the Federal Rules of Procedure, We cannot con done the failure of any party to comply with the court rules, regardless of whether or not they are represented by counsel.
 
 
 29
 Accordingly, we REVERSE the judgment of the district court and REMAND for proceedings consistent with this opinion.
 
 
 
 [1]
 Although no one seems to dispute that shares in these two horses were the subject of the agreement, the agreement actually describes only a share in "Vaguely Noble." However, correspondence between the parties refers to both stallion shares. The agreement also encompassed the sale of one "season" of Dust Commander